J.L. Spray, Matson Ricketts Law Firm, Lincoln, Nebraska I represent the plaintiff and appellant in this matter, Mr. Brendan Holbein. By way of background, Mr. Holbein was asked to relocate from Arizona to Omaha, Nebraska to go to work for the defendant, Apple Lee Baxter, as the general manager of the defendant's new car dealership in Bellevue, Nebraska. This matter arose upon Mr. Holbein's unilateral demotion and change in working conditions including a reduction in his compensation in approximately 65 percent. Mr. Holbein alleges and can prove that this demotion or constructive discharge was the defendant's response to Holbein discovering and reporting criminal violations of the Graham Leach Blyle Act, I'll refer to it as Graham Leach or GLBA, by the defendant's finance director, William Monick Thomas. In that regard, what is pled with respect to causation other than temporal proximity? Well, in paragraphs 12 through 16 of the complaint, we make allegations related to the admissions of Baxter that these events occurred, that the crimes occurred, and that Mr. Holbein in turn went to his supervisor, as would seem appropriate, and disclosed his knowledge of the criminal activity, which really is three parts. What I see in the pleading is attempted to advise. Well, attempted to the extent that he didn't respond. He went to them. There's no question about that. Maybe a misinterpretation of the word attempt. He went to them and reported to them that these things had occurred and was, I think, making a good faith effort to investigate what happened. But attached to the complaint is a memorandum from the wrongdoer that on its face admits that she took confidential, non-public information of customers' home and her car, and her car was broken into and the information was stolen. But isn't that still just temporal proximity? Well, maybe I don't understand your question, Your Honor. It is a report of an event, an attempt to discover what happened, an effort in good faith to get to the bottom of it, and to advise the employer that in his opinion the act had been violated and a crime had occurred. I guess what I'm asking is, is there enough pled under Twomley to plausibly conclude that the reporting is what caused the demotion? Well, we certainly allege that. Upon information and belief, you allege that. Correct. And not getting to discovery. It's kind of conclusory. Well, I guess to the extent Twomley requires a certain amount of pleading, in my opinion there's more than notice that we're alleging that the motivation for the termination was a retaliation for his actions with regard to this event. I think that's clear from the- I agree with you on notice, I just wonder if there's enough facts to survive Twomley on that. Well, without doing any discovery, how do we get facts? I mean, the second he was demoted, he was locked out of the system, he was denied any access to information. It has to be on information and belief as to what the employer was motivated to do, I mean, by its nature. Motive is a circumstantial event, right? There's no other way to plead motive than to allege that that's what the motivating factor was, and then do discovery to see what behind the scenes was going on. So we'd like to get to discovery, is the point of our appeal. So the nexus pled is the temporal proximity and on information and belief that the reporting of the GL, what is it, Graham-Leach-Bliley Act violation was the motivating factor? Right, and the pleadings are pretty clear about the events that occurred in the month or so after the bad act occurred. He made lots of contact with his employer, and then the next thing he knew, he was demoted to running a used car lot. And I think it's pretty clear the nexus is there, and it's sufficiently pled to survive a motion to dismiss as far as that goes. What is your position on the issue of federal jurisdiction? Well we didn't take a position in the briefing per se. We allowed the matter to be removed and didn't resist. I think there probably is a question about federal jurisdiction. Are you objecting to it? You haven't formally objected. I have not, nor has Mr. Holbein, but I think there probably is a question of federal jurisdiction once we would ever get to that, but we did not resist the removal. And in your view, if there is jurisdiction, is it federal question jurisdiction? That's how it was removed. Is it arising out of, arising from? Well, let's take it head on. The issue before this court and before the matter involves really a state court question of what is the safe harbor or exception to the at-will employment. And it's whether the federal statute provides that public policy reason. Exactly. And that's the only application of the federal statute, is whether that criminal statute creates the exception to the at-will employment under state law. So is that enough of a federal question to maintain jurisdiction in the federal courts? I don't think so if you want my honest opinion, but again, we didn't resist removal. We'd like to have our case heard. So that's our position. You're not resisting, but it's your position. You don't think that, you don't think the complaint alleges sufficient either claims or arising out of federal questions to warrant. Yeah, right. The question isn't a federal question in my opinion, and there certainly isn't diversity of citizenship. So I don't know that the federal courts have jurisdiction. Right. Well, so let me get this right. I understand your position to be here today, that the federal statutory scheme is only incidental to the determination of the state cause? It creates a safe harbor or the exception to the at-will employment by virtue of the fact that as a matter of public policy, the federal government has created this statutory scheme where it's a crime to mishandle people's confidential information. Do you believe there's a private cause of action that exists under Gramlich-Bliley? Not that I'm aware of, but again, I don't think that's necessary. Well, yeah, but if there's no private cause of action and it's only incidental to the application of state law, at that point, where's the jurisdiction lie? We have a duty to look at that independent of whether you all raise it. Right.  And I cannot stand here and tell you that this court has jurisdiction. I won't argue that. Continuing on then on the merits of what's been briefed, again, under the GLBA, the obligation of the employer, and I think we need to focus on the employer's duties here, is to take the non-public information that it raises as a financial institution, and a moment here, because this dealership also provides financing, it's defined as a financial institution, and all of the obligations of Gramlich are attached to it because it's providing lender services. And so it has a duty to protect confidential, non-public information it collects from customers. It has a duty to disclose to the customer a breach of that confidentiality, and it has a duty to speak honestly with the customers. And in the pleadings, we allege, and I think attached to the pleading, the memorandum admitting this, that not only did the employer allow the information to be stolen, but they failed to disclose it to the customer, and more importantly, they lied to the customer about what happened by soliciting the information again under false pretense. So they four square committed at least three different criminal acts, giving rise to Mr. Holbein's concerns and his reporting of those events to his employer, based upon his training and experience as general manager, his obligations as general manager of this facility, to make those disclosures. And as a consequence, he was terminated from his employment or constructively discharged vis-a-vis the demotion. He reported to his superiors, not to any law enforcement agency. Right. So, let's take that head on. Mr. Holbein, in good faith, went to his supervisor and his general manager of the facility and reported what the finance director had done. He advised his employer that these were criminal acts, that they violated Gramm-Leach, he'd been trained on that, he was aware of it, he had knowledge of it, and was in the process of reporting to them. Whether that's a threat of reporting to a third party police power agency, or whether it's a veiled threat or apparent threat, or whether it's an act, I don't think matters to this case. The fact is that he invoked his knowledge of what went wrong, he advised his employer of it, he was investigating in good faith, and before anything else could happen, he was basically demoted or constructively discharged from his job. And that caused him the damages that he incurred. I do want to briefly address the Thayden decision of the district court, because I think that's the linchpin for the district court's decision. Thayden is basically a case based on a two-case string of precedent relied upon by Judge Smith Camp and her interpretation of Nebraska law. The district court in Thayden found there was no clear mandate of violations of the Nebraska Clean Air Act, but I think more importantly, Thayden went to the employee's actions as being the center point of the decision, where really it's the employer's actions that the Nebraska Supreme Court said we need to focus on both in interpreting the exception and applying it to the at-will employment. By that I mean, once there's a reporting of a criminal act or a clear, once the violation occurs of something that's a clear act of public policy, that stops the analysis of what the employee's doing. At that point, the question is the motive of the employer and what they're doing, and the district court just completely missed that point in the Thayden and the Ludlow decisions that were the basis of her decision, and she went straight to basically ignoring the motivation of the employer and why they terminated or demoted the employee. And I think the proper focus should be on what the employer did and what motivated the decision, and if you dig down in the Thayden decision, that really was the turning point in the district court's decision there. I have just a question that maybe is a step back in time, kind of a little bit behind where you're at. Is it your position that any criminal provision falls within the unique law providing a public policy exception under Nebraska common law, that just any kind of crime, any place is always one of these unique laws that they talk about? That's the Supreme Court precedent in Nebraska. They make no distinction about the type of crime, so for instance, if I see a fellow employee take money from a customer by deception or some kind of fraud that would be a criminal act and I report it, I would venture to say that I would benefit from the safe harbor of the exception of at-will employment because that's a clear public policy that theft by deception is not appropriate and is a crime, and the Supreme Court of Nebraska has basically said if it's a crime, that's a gold standard for public policy, that the legislature or such an important policy to adhere to or support that we're going to make it a criminal act to do it. Well, that's what the jurisprudence is in Nebraska, what the common law is. Mr. Sprague, your time is about to expire. Do you want to reserve any? I hope I've reserved five minutes. You're already well into it. Oh, well, thank you, Your Honor. I'll reserve the rest. Thank you. Thank you. Ms. Stingly, if you don't mind, would you start with whether there's jurisdiction here? I'd be happy to, Your Honor. May it please the court, my name is Tara Stingly with the law firm of Klein Williams and I represent the Appellee. The court has several questions regarding the basis for jurisdiction in this case and you're absolutely right that before you can move forward to the merits of this decision, you have to decide whether there is jurisdiction to hear this appeal. I am a bit surprised by Mr. Sprague's position here today because in filing this appeal and asking this court to look at this case, Mr. Sprague asserted that this court had diversity jurisdiction over this case. When we looked at this complaint when we first received it, when it was filed in state court, we looked at the first cause of action that purported to be brought under the Financial Services and Modernization Act, otherwise known as the Gramm-Lynch-Bliley Act. We believe that that asserted a federal question and we removed this case on that basis. The appellant never challenged that removal, they never sought to remand, they never argued that there was a different basis for jurisdiction, and the district court agreed with us in examining the first cause of action and determining that the Gramm-Lynch-Bliley Act does not contain a private right of action and evaluating this case on the merits. Even if this court would determine that the appellant's claim is really brought pursuant to state law, that claim still depends on a significant source of federal law, the Gramm-Lynch-Bliley Act, to determine whether there is a valid public policy exception to the outwill employment doctrine. How is that not merely incidental? Because the appellant cannot succeed on his claim without showing what Gramm-Lynch-Bliley Act requires and how that relates to the facts and the allegations in this case. Is that very complicated? There is a criminal provision, correct, in the federal act, and those are fairly well set out in federal law. What more would the court have to do but determine whether or not there was an allegation that that particular crime had been committed? That's an excellent question, Your Honor. The U.S. Supreme Court looked at a similar issue in Grable and Sons Metal Products and determined that if there is a substantial source of federal law that must be examined in determining whether a valid claim exists, that can support a basis for federal question jurisdiction. The Gramm-Lynch-Bliley Act is neither straightforward nor a clear, manageable standard as the appellant would want to try to rely on to support this exception to the outwill employment doctrine. It is a complex statute. In order for the appellant to succeed on his claim, he has to demonstrate that his former employer, a car dealership, was a financial institution under the Gramm-Lynch-Bliley Act, that someone acted under false or fraudulent pretenses to obtain or disclose financial information from a customer. It relates in terms of Rule 9B's requirement to plead fraud with particularity in looking at what does the Gramm-Lynch-Bliley Act require and how can the appellant rely on that federal statute to circumvent the outwill employment doctrine in Nebraska. But even if this Court is not comfortable with the basis for federal question jurisdiction, there is another separate basis for jurisdiction, which the appellant relied on in filing his appeal before this Court, and that would be diversity jurisdiction. Now, we admit that we could not have removed this case to federal court on the basis of the forum defendant rule, but that rule is procedural, not jurisdictional, and the U.S. Supreme Court has recognized in the Grubbs case of 1972 that where cases are removed to federal court, where the plaintiff never challenges that removal or seeks to remove it back to state court, and the district court enters a judgment on the merits, the issue on a subsequent proceeding on appeal is whether the district court would have had original jurisdiction over the matter had the case initially been filed in federal court. And the parties agree that the federal district court would have had diversity jurisdiction had the appellant sought to first file his lawsuit in federal court. Should we take the appellant's statement today as an objection to the jurisdiction? I don't believe so, Your Honor. And why not? To me, it strikes the Court as too little too late. At no time, even in filing this appeal before the circuit, has the appellant ever asked this court to determine that jurisdiction is lacking in this case? Is it different when we're looking at jurisdiction, the too little too late sort of approach to resist that? Is it different when we're talking about whether or not we have jurisdiction over this particular matter? I don't believe so, Your Honor. Not under the U.S. Supreme Court decision in Grubbs of 1972, which says that this rule can be waived if the appellant doesn't challenge removal, doesn't seek to remand, and where the district court goes through the complaint and enters a judgment on the merits. That provides a basis for this court to examine this case and jurisdiction to preside over this appeal. And so regardless of which path you take to get there, I believe that we all agree that there is jurisdiction over this case. Mr. Spray raised several comments in his opening remarks, which I will try to address in turn. But I would note at the outset that this court has before it a relatively straightforward issue, and that being whether the complaint has pled on its face sufficient facts to state a plausible claim for relief. As this court is well aware in applying the U.S. Supreme Court standards under Twombly and Iqbal, that this court is not required to accept any legal conclusions that are couched as factual allegations. Rather, your job is to take a look at the complaint and determine whether it has pled enough facts to state a plausible claim for relief and an inference that the defendant has committed the misconduct that the plaintiff is trying to allege. In this case, the amended complaint fails to state a plausible claim for wrongful discharge. The appellant's first cause of action is the only claim being appealed to you today, and it indicates, as I said before, that it is brought under the Graham-Leach-Bliley Act. As I noted before, that act does not contain a private right of action. It also does not contain any whistleblower protection. And to the extent that the appellant attempts to rely on that act to support a wrongful discharge claim, he cannot do so. The appellant was employed on a now-will basis, and the appellant does not challenge that conclusion on appeal. And the general rule in Nebraska, as it is in most jurisdictions in the Eighth Circuit, that unless an employer is constitutionally, statutorily, or contractually prohibited from doing so, that an employer can generally terminate the at-will employment of an employee for any reason, or no reason at all, without notice or without cause. The exception to this rule, and it's not a safe harbor, it's an exception, is that an at-will employee may pursue a wrongful discharge claim when the motivation for firing contravenes public policy. But the Nebraska Supreme Court has cautioned that the exception to that rule has to be What's more clear than the federal government, the Congress, saying that it's a crime to engage in the kind of conduct that the defendant is alleged to have engaged in? What's more clear? It seems to me that several of the Nebraska cases say pretty much that, that if the legislator has spoken that it's a crime, that's pretty clearly delineated. Well, Your Honor, I would agree that the Schreiner case from the Nebraska Supreme Court does look at a criminal statute in talking about, can that form the basis for the exception to the at-will employment doctrine to support this wrongful discharge claim? And in the Schreiner case, the court was asked to look at an odometer statute, where people were prohibited from rolling back the odometer on a vehicle to trick consumers into how many miles were on that vehicle. That is a very clear mandate of public policy. It's easy to understand. It's easy to apply. In contrast, the Gramm-Leach-Bliley Act is far more complex. It talks about not being able to use or disclose financial information under false or fraudulent pretenses. And when we take that standard and we look at what the amended complaint has pled in this case, we see that the appellant argues that the employer is a financial institution under Gramm-Leach-Bliley, that certain customer information was stolen from an employee, though it doesn't allege what exactly was stolen, and it alleges that this employee came up with a, quote, clever method of reobtaining that information from the customer, but it doesn't allege the nature or the details of that supposed clever method. It also alleges, as you noted before, that the appellant merely attempted to advise his employer of its obligations under the Gramm-Leach-Bliley Act, and alleges that he was, that the employer took some action to address those issues after the appellant was terminated. On appeal, the appellant tries to rely on Gramm-Leach-Bliley to say that it is a violation to obtain or disclose customer information of a financial institution by making a false or fraudulent representation to a customer, but there is no allegation in the amended complaint that someone actually made a false or fraudulent representation. There's no allegation that the employee at issue in all of this actually lied, or that she ever tried to call customers up to try to get their information under false or fraudulent pretenses. Well, you know, there's a body case law that talks about a failure to disclose one under a duty to do so may be fraudulent, and so it's a fraudulent failure to inform, right? And I think that's what they're arguing. Why are they wrong on that? I don't believe that there are any Nebraska Supreme Courts, Your Honor, that go that far. Certainly there is the Wendown case that talks about a duty to report abuse toward patients. And in that case, the court recognized that where there is a specific duty to report under a statute, and the employee at issue actually makes that report as mandated by law and is subsequently terminated, that that can form a legitimate exception to the at-will employment doctrine under Nebraska law. Here, we don't have that. We don't have an actual report. There's no private right of action under Graham-Leach-Bliley Act, and there's no whistleblower protection. Should you choose to take the Graham-Leach-Bliley Act and rely on it to form an exception to the at-will employment doctrine in Nebraska, you are creating new law. There is no currently existing Nebraska case that goes so far as the appellant is trying to urge you to do so today on the face of a complaint that does not contain sufficient facts to plausibly state a claim for relief. For these reasons, we argue that the amended complaint does not meet the exacting standards that the U.S. Supreme Court has announced in Twombly and Iqbal. It does not state a plausible claim for relief, and we ask that this court affirm the judgment of the district court in dismissing the appellant's complaint. I'm happy to answer any other questions that the court might have. Hearing none, thank you. Mr. Spray, we'll give you a minute. Thank you, Your Honor. I noticed my number went down. No, that's where it was at. I'll give you a minute. First of all, Judge Erickson, you raise an interesting point about the duty to speak. There is a Nebraska precedent, common law precedent, that once you have a duty to speak, you have a duty to speak truthfully and honestly and completely. I think the case is called Streaks, S-T-R-E-E-K-S. But, of course, once you have an obligation to be honest with a customer or a client, you have a duty to be truthful and thoroughly disclose whatever it is to disclose. With regard to jurisdiction, on the record, I don't believe this court has jurisdiction nor did the district court with regard to this matter. The nexus between the federal statute is merely a criminal code. There's no other real requirements. We can dust it up and make a lot of it, but at the end of the day, there were three obligations that created a crime. All three of them were violated by this defendant. What about diversity? Well, I just looked at my brief again, and I think we recited that we had diversity, but really there isn't diversity of citizenship. Mr. Holbein was a resident of Nebraska. This corporation is a Nebraska corporation. But you allege you were a resident of Chandler, Arizona, but that at all material times you were a resident of Sarpy County, right? Right. So when all the events occurred, Mr. Holbein was a resident of Nebraska. He currently lives in Chandler, Arizona, but he resided here and had all the indicia of residency if we were required to prove that. I think at the end of the day, this court, like the district court, struggles with a developing common law of the Nebraska Supreme Court. And frankly, the matter would be best heard in the district court. That's why we filed it there, the Sarpy County District Court in Nebraska, for that reason. And so we'd ask that the case be remanded for either dismissal or further proceedings. Thank you. Thank you, counsel. We appreciate your appearance and arguments today. The case is submitted and will be decided in due course.